IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA ANN FRANCIS,  )
          Plaintiff,  )
   -vs-  )   Civil Action No.   19-259
ANDREW M. SAUL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No.10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Sarah Ehasz, held a hearing on October 18, 2017. (ECF No. 4-3). Plaintiff was represented at the hearing. *Id.* On February 21, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 11-21).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Step 2 - Severe Impairment

Plaintiff first argues that the ALJ erred when she did not find her impairments of diplopia, carpal tunnel syndrome, left ear deafness, cognitive disorder, and depression to be severe under step 2 of the analysis. (ECF No. 11, pp. 8-11). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not

on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §§416.920(c), 416.921(a), 416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, at step 2 when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step 2. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 - 5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Rather, the ALJ proceeds beyond step 2. In so doing, an ALJ makes a residual functional capacity (RFC)[2] determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RCF.

In this case, the ALJ found that Plaintiff has the following severe impairments: osteoarthrosis, obstructive sleep apnea, epilepsy/seizure disorder, migraines, and obesity. (ECF No. 4-2, p. 13). The ALJ considered other impairments, including diplopia, carpal tunnel syndrome, cognitive disorder, and depression and found them to be non-severe. (ECF No. 4-2, pp. 13-14). The ALJ then proceeded to the next steps. (ECF No. 4-2, pp. 15-21). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

4

ALJ acknowledged that in making the RFC determination she considered all symptoms. (ECF No. 4-2, p. 17). The ALJ then proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF.[3] *Id.* Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

## C. Duty to Develop

Plaintiff next argues that the ALJ failed to adequately develop the record by not ordering a mental health consultative evaluation. (ECF No. 11, pp. 11-13). I disagree. The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §§404.1512(a-c), 416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §§404.1512(d), 416.912(d). Usually, the issue of whether an ALJ had developed the record fully

---

[3] In one sentence, Plaintiff suggests that the ALJ erred in failing to mention or consider her left ear deafness and references one single page of her entire medical record to support the same. (ECF No. 11, p. 11). Plaintiff cites to no evidence that this one-time reference of deafness amounts to a limitation that lasted or was expected to last continuously for at least 12 months, let alone how it impacted her functional abilities. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c); 20 C.F.R. §416.921(a); 42 U.S.C. §423(d). Furthermore, there is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record. Under these circumstances, I find no error on the part of the ALJ for not discussing left ear deafness.

5

arises in situations involving a *pro se* claimant where the duty is heightened. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). Such is not the case here.

At the hearing in this case, the ALJ noted depression and specifically asked Plaintiff's counsel if she was alleging that it is severe. (ECF No. 4-3, p. 20). In response, Plaintiff's counsel said no, and stated that "[w]e don't have any psychiatrist treatment and --." *Id.* Additionally, I note that Plaintiff never requested a consultative examination regarding the same. Since counsel conceded that her alleged depression was not severe, I find no error on the part of the ALJ in not ordering a consultative examination.

As to Plaintiff's cognitive impairments, based on my review of the record, I find there was sufficient evidence of record for the ALJ to make a determination of disability as to Plaintiff's cognitive limitations. (ECF No. 4-2, pp. 11-21). Furthermore, Plaintiff never requested a consultative examination regarding the same. Therefore, I find the ALJ did not have a duty to develop the record further. Additionally, I find there is sufficient evidence such that I am able to make a proper determination. Upon review, I find that there is substantial evidence to support the ALJ's decision. *Id.* Consequently, remand on this basis is not warranted.

### D. <u>Weighing of Treating Physician's Opinion</u>

Plaintiff next argues that the ALJ erred by improperly rejecting the report of her primary care physician, Dr. Hanzlik. (ECF No. 11, pp. 13-15). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings

6

alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject

evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff argues that the ALJ improperly rejected the medical statement of Dr. Hanzlik because, as her primary care physician, she was in the best position to know Plaintiff's ability to perform work as it relates to the impact of her sleep apnea. (ECF No. 11, pp. 13-15). The ALJ gave Dr. Hanzlik's opinion partial weight because "it is without substantial support from the medical and other evidence." (ECF No. 4-2, p. 19). Inconsistency is a valid reason for discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). Specifically, the ALJ noted that was inconsistent with the claimant's treatment history, fails to include treatment records indicating excessive daytime somnolence, and makes no referral to a specialist for sleep apnea or additional testing. (ECF No. 4-2, p. 19). The ALJ noted that the treatment records indicated that her activities of daily living were generally not limited. *Id.* Additionally, the ALJ referenced that that Plaintiff testified her CPAP was helpful.[4] Based on my review of the record, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 4-2, pp. 11-21). Therefore, remand is not warranted on this basis.

---

[4] With regard to Dr. Hanzlik, Plaintiff submits that there is evidence to support her opinion regarding her somnolence preventing her from working. (ECF No. 22, pp. 14-15). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).
> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

### E. RFC

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 11, pp. 16-17). To that end, Plaintiff specifically argues "there is substantial evidence that Plaintiff is not able to either physically or mentally do the work noted in the residual functional capacity determined by the ALJ" and then references limitations she believes supports her position. *Id.* at p. 17. Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument in this regard is misplaced. Therefore, remand is not warranted on this basis.

### F. Vocational Expert

Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 11, pp. 18-19). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 13-24, No. 7-3, pp. 56-62). Consequently, I find no error in this regard.

### G. Subjective Complaints of Pain

Plaintiff argues in this section that the ALJ erred by failing to "show any rational basis for discounting Plaintiff's testimony" related to her testimony that she needs to take a daily nap. (ECF No. 11, pp. 19-20). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of

symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.  Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.*  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method as set forth above.  (ECF No. 4-2, pp. 11-21).  For example, the ALJ considered Plaintiff's testimony that she needs to take a nap every day but found it to be not entirely consistent with the medical evidence and other evidence in the record.  (ECF No. 4-2, p. 17).  Specifically, the ALJ noted that Plaintiff's allegation was not consistent with her testimony regarding fatigue.  *Id.* at 17. Additionally, the ALJ noted an inconsistency with her activities of daily living.  *Id.*  Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision for discounting Plaintiff's testimony related to her testimony that she needs to take a daily nap. Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA ANN FRANCIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　-vs-　　　　　　　　　　　　　　　　)　　　Civil Action No.　19-259
　　　　　　　　　　　　　　　　　　　　)
ANDREW M. SAUL,[5]　　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 14th day of April, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.